Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-205-2466
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Jacqueline Ferrer

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUELINE FERRER, <br><br> Plaintiff, <br><br> vs. <br><br> KOHL'S CORPORATION, <br><br> Defendant. | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. TCPA, 47 U.S.C. § 227 <br><br> 2. Cal Civ. Code § 1788 <br><br> **(Unlawful Debt Collection Practices)** |

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

 Plaintiff, Jacqueline Ferrer (Plaintiff), through her attorneys, alleges the following against Defendant, Kohl's Corporation, ("Kohl's"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls,

restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Plaintiff resides in the State of California, and therefore, personal jurisdiction is established.

4. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Victorville, County of San Bernardino, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collector with its principal place of business located at 17000 Ridgewood Drive, W N56, Menomonee Falls, WI 53051.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant was attempting to collect an alleged debt from Plaintiff.

12. Upon information and belief, on or around September 29 of 2015, Defendant began placing calls to Plaintiff's cellular phone number (909) 638-9529, in an attempt to collect the alleged debt.

13. The calls came from (262) 704-9780; upon information and belief these number are owned or operated by Defendant.

14. On or around October 14, 2015, Plaintiff answered a collection call from Defendant from (262) 704-9780; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

15. Defendant's agent informed Plaintiff that it was attempting to collect a debt.

16. Plaintiff instructed Defendant not to contact her any further.

17. Plaintiff continued to receive phone calls from Defendant after Defendant was told not to contact her any further.

18. On October 19, 2015, Plaintiff received four (4) phone calls from Defendant at 8:18 am, 11:39 am, 1:19 pm, and 4:01 pm.

19. On October 21, 2015, Plaintiff received four (4) more calls from Defendant at 8:04 am, 10:00 am, 11:50 am, and 7:37 pm.

20. Between September 29, 3015 and October 2015, there were thirty (30) phone calls made to Plaintiffs cell phone by the Defendant.

21. Upon information and belief, thirty (30) of those calls were made by the Defendant to the Plaintiffs cell phone after Defendant requested not to be contacted.

22. Defendant's repeated phone calls and collection attempts have caused Plaintiff emotional distress and mental anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing     and/or willfully violated the TCPA.

25. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars

($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

26. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

(c)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (ii)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(iii)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

27. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Jacqueline Ferrer, respectfully requests judgment be entered against Defendant, Kohl's Corporation, for the following:

A. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

B. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c);

C. Statutory damages pursuant to the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(3)(B), and 47 U.S.C. § 227(b)(3)(C); and

D.  Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

Dated: June 2017, 2016          By:     */s/ Stuart Price*
                                        Stuart Price, Esq.
                                        15760 Ventura Boulevard,
                                        Suite 800
                                        Encino, CA 91436
                                        Tel: 818-205-2455
                                        Stuart@pricelawgroup.com
                                        Attorney for Plaintiff,
                                        Jacqueline Ferrer